# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY SEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:23-cv-00317 |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

1.

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Timothy Sewell ("Plaintiff"), and states as follows:

## JURISDICTION AND VENUE

2.

Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln admits it issued Group Life Insurance Policy numbered SA3-890-LF0483-01 (the "Policy") to McLarens, LLC ("McLarens") which Policy, at certain times, insured benefits paid by the McLarens, LLC Group Life Insurance Plan ("the Plan"). Lincoln admits McLarens sponsored the Plan to provide Accidental Death and Dismemberment ("AD&D") benefits to certain of its employees and that the Plan is an employee benefit plan as defined by ERISA. Lincoln admits that by this action, Plaintiff is seeking recovery of AD&D benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery.

Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.

Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.

Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

5.

Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Texas. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## FACTS

6.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents reflecting Plaintiff's date of birth, accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents Lincoln is without sufficient knowledge to either admit or deny the financial status of Plaintiff's family or Plaintiff's military history, and accordingly, Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.

Lincoln admits it sent a letter to Plaintiff dated January 27, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.

Lincoln denies all allegations contained in Paragraph 27 of the Complaint.

28.

Lincoln denies all allegations contained in Paragraph 28 of the Complaint.

29.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34.

Lincoln admits that Plaintiff was, at certain times, employed by McLarens as a National General Adjuster. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35.

Lincoln admits that Plaintiff was, at certain times, employed by McLarens and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36.

Lincoln admits that it issued the Policy to McLarens and that, at certain times, the Policy insured benefits from the Plan under the terms of the Policy, including AD&D coverage. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37.

To the extent that the allegations contained in Paragraph 37 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39.

Lincoln admits that it issued the Policy to McLarens and that, at certain times, the Policy insured benefits from the Plan under the terms of the Policy, including AD&D coverage. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40.

Lincoln admits that Plaintiff was, at certain times, employed by McLarens and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41.

Lincoln denies all allegations contained in Paragraph 41 of the Complaint.

42.

Lincoln admits that it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln admits that it issued the Policy to McLarens and that, at certain times, the Policy insured

benefits from the Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43.

Lincoln denies all allegations contained in Paragraph 43 of the Complaint.

44.

Lincoln admits it sent letters to Plaintiff dated January 27, 2023, and to Plaintiff's counsel dated September 26, 2023, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45.

Lincoln admits that the administrative record upon which Plaintiff's claim for AD&D benefits from the Plan under the Policy was evaluated by Lincoln contains documents and statements reflecting Plaintiff's accident, diagnoses, treatment, and Plaintiff's toxicology results, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46.

Lincoln denies all allegations contained in Paragraph 46 of the Complaint.

47.

Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48.

Lincoln admits it received an appeal of the denial of Plaintiff's claim for AD&D benefits from the Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49.

Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

No response is required to the Prayer of the Complaint and the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The relevant life benefits policy grants discretionary authority to Lincoln to determine eligibility for AD&D benefits under the relevant life benefits policy, and Lincoln did not abuse its discretion in making decisions on Plaintiff's claim for AD&D benefits from the Plan under the Policy.

3.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

4. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

5. Lincoln reserves the right to assert additional defenses.

## **PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 1st day of February 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

J. Price McNamara
Email: price@jpricemcnamara.com

February 1, 2024
Date

/s/ Iwana Rademaekers
Iwana Rademaekers