TIMOTHY SEWELL

                                    **CIVIL ACTION NO**

VS                                   **2:23-cv-317**

THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND MEMORANDUM IN OPPOSITION TO LINCOLN'S MOTION TO EXTEND DISPOSITIVE CROSS-MOTION DEADLINE

Just this morning, Defendant Lincoln filed an opposed Motion to Extend Cross-Motion Deadline which the undersigned expressed by telephone yesterday to Lincoln's counsel of record that Plaintiff opposes the motion. The court granted the motion before Plaintiff could file his opposition and be heard on the issue. The relief requested in Lincoln's motion runs contrary to established Fifth Circuit law, and the motion should be denied for the following reasons:

Plaintiff, Timothy Sewell, opposes Lincoln's Motion to Extend Cross-Motion Deadline less than 30 days before the dispositive briefing deadline of June 10, 2024 selected by both parties by joint motion.

Mr. Sewell was rendered a quadriplegic almost three years ago on August 28, 2021, and has since been fighting Lincoln's claim denial. He has submitted to Lincoln all that he wishes for Lincoln to review long ago, including the very addendum report of Dr. Arnold that Lincoln now claims it wants to review. He submitted the report to Lincoln before filing suit, after Lincoln referenced a new addendum opinion of its own medical expert in its appeal denial letter for the first time without giving Plaintiff opportunity to respond to it. The Dr. Arnold addendum report simply addressed that Lincoln's expert's new addendum report. Shortly after the appeal denial,

Mr. Sewell sent Dr. Arnold's addendum report to Lincoln and asked Lincoln to please consider it and reconsider its appeal denial. Under clear Fifth Circuit law, discussed below, the report became part of the administrative record for purposes of court review. Lincoln responded in a letter to Mr. Sewell <u>expressly refusing</u> to consider it. That was Lincoln's choice. Mr. Sewell thereafter filed suit. To allow Lincoln to delay this man's long-awaited day in court at this stage is contrary to fairness and Fifth Circuit law as discussed below.

The administrative process has been exhausted with both parties having full opportunity to develop their respective evidence. Neither party can add evidence to the administrative record at this stage. Yet Lincoln wants court assistance in the form of an extension of upcoming dispositive briefing to create new evidence in the form of new expert opinion to do just that.

### FIFTH CIRCUIT CASELAW SUPPORTS A RULING ON THE MERITS, NOT A REMAND, UNDER OUR SCENARIO

The evidence considered in review of an ERISA benefits denial under section 502(a)(1)(B) is confined to the administrative record. *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir.1999) (*en banc*), abrogated on other grounds by *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

In *Robinson v. Aetna Life Ins. Co.,* 443 F.3d 389, 393 (5th Cir. 2006), the Fifth Circuit, citing *Vega*, stated: "Aetna was required to develop its factual record at the administrative level. *See Vega,* 188 F.3d at 302." *Id.,* at 397. The *Robinson* Court further stated: We declined a remand to allow the administrator "another opportunity to make a record" because "each of the parties" must "make its record before the case comes to federal court." *See Vega,* 188 F.3d at 302 n. 13. For the same reason, we believe that remand is inappropriate here." *Id.,* at 397, n.5 As in *Robinson*, Lincoln denied Plaintiff's claim and appeal after fully developing its factual record to its own satisfaction.

Fifth Circuit case law holds that if a claimant submits additional information or evidence to the administrator in a manner that gives the administrator a fair opportunity to consider it and to reconsider its decision denying benefits, as Mr. Sewell did here, that additional information becomes part of the administrative record. More specifically: The Fifth Circuit, sitting *en banc*, spoke clearly in *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir.1999) (*en banc*). No dissents, no concurrences, the decision was unanimous.

> **We hold today** that the administrative record consists of relevant information made available to the administrator **prior to the complainant's filing of a lawsuit** and in a manner that gives the administrator a fair opportunity to consider it. Thus, if the information in the doctors' affidavits had been presented to National Life **before filing this lawsuit** in time for their fair consideration, they could be treated as part of the record.[FN10] Furthermore, in restricting the district court's review to evidence in the record, we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court; we are not establishing a rule that will adversely affect the rights of claimants.

> FN10. Because there is no evidence in either the administrative record or the record before the district court to support the Vegas' contention that they presented the information in the doctors' affidavits to National Life, we cannot treat this information as part of the record. However, had the Vegas demonstrated to the district court that the information in the doctors' affidavits was presented to the administrator, the district court should have treated that information as part of the record.

*Vega*, at 300 (emphasis added).

The *Vega* Court further explained:

> **Our motivating concern here is that our procedural rules encourage the parties to resolve their dispute at the administrator's level.** If a claimant believes that the district court is a better forum to present his evidence and we permit the claimant to do so, the administrator's review of claims will be circumvented. This result is plainly contrary to *Bruch*, which requires us to apply an abuse of discretion standard of review. Although we recognize that there is a concern that a self-interested administrator can manipulate this process unfairly (e.g., by permitting the administrator to exclude from the record information that would weigh in favor of granting the claim), we think that this concern is largely unwarranted in the light of adequate safeguards that can be put in place.

**Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.** In *Moore*, we said that Awe may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination. *Moore, 993 F.2d at 102.* **If the claimant submits additional information to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record.** *See, e.g., Wildbur*, **974 F.2d at 634-35. Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record.**

*Vega*, at 300 (emphasis added).

In *Estate of Bratton v. National Union Fire Insurance Company of Pittsburgh, P.A.*, 215

F.2d 516 (5th Cir.2000), the Fifth Circuit reaffirmed its en banc holding in *Vega*, stating again:

The plan administrator has the obligation to identify the evidence in the administrative record **and the claimant must be afforded a reasonable opportunity to contest whether that record is complete.** *See Vega v. National Life Ins. Services*, 188 F.3d 287, 295, 299 (5th Cir.1999) (en banc) (citing *Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201-02) (5th Cir.1997)). Once the administrative record has been determined, the district court may not stray from it but for certain limited exceptions, such as the admission of evidence related to how an administrator has interpreted terms of the plan in other instances, and evidence, including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim. *See id.* At 299.[FN5] **Thus, the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it.** *See id.* If an administrator has made a decision denying benefits when the record does not support such a denial, the court may, upon finding an abuse of discretion on the administrator's part, award the amount due on the claim and attorney's fees. *See id.* At 302 (citing *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1014 (5th Cir.1992)).

FN5. **Further, as a safeguard against possible abuse or mistake, the claimant's lawyer may add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it.** *See Vega*, 188 F.3d at 300. **If the claimant submits additional information to the administrator, and requests the administrator to reconsider its decision, that additional information should be treated as part of the administrative record.** *See id.* at 300 (citing *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 634-35 (5th Cir.1992)).

*Id.*, at 521.

## THE RELEVANT CHRONOLOGY

The relevant chronology follows with citation to the Bates-stamped page numbers of the administrative record Lincoln filed with the court. (Doc. 10)

| | |
|---|---|
| 8/28/21 | Date of accident. (194) Plaintiff makes claim for dismemberment benefits. |
| 1/27/23 | Lincoln denies claim. (638) |
| 2/15/23 | Plaintiff requests claim file and policy from Lincoln. (624) |
| 3/24/23 | Plaintiff sends letter to Lincoln noting that the claim file Lincoln sent on 3/6/23 is obviously missing records referenced in Lincoln's denial letter. (610) |
| 3/27/23 | Plaintiff sends letter to Lincoln requesting 60-day extension beyond 3/28/23 appeal deadline listed in the denial letter since production of claim file was incomplete. (608) |
| 5/1/23 | Plaintiff sends letter to Lincoln noting that Lincoln's claim file submission did not include the Lincoln insurance policy. (551) |
| 5/16/23 | Plaintiff appeals, enclosing an expert physician's report of Dr. Thomas Arnold, various eyewitness affidavits, and medical records. (516) |
| 5/25/23 | Lincoln confirms receipt of Plaintiff's appeal. (513) |
| 7/14/23 | Lincoln sends Plaintiff a 7/7/23 original clinical review report of its retained expert physician Dr. Geimer, to allow Plaintiff to respond by a deadline of August 4, 2023. (480) |
| 7/21/23 | Plaintiff by email asks Lincoln for an extension until 8/18/23 to complete Plaintiff's response to Lincoln's expert report. (446-447) |
| 8/4/23 | Lincoln sends letter to Plaintiff stating that if Plaintiff's complete response to Lincoln's expert report is not received by 8/18/23, Lincoln will issue the appeal decision without it. (456) |
| 8/8/23 | Plaintiff sends Lincoln a letter attaching the affidavit of witness Chris Boswell. (119) |
| 8/21/23 | Plaintiff sends letter to Lincoln attaching affidavit of Paul Boswell stating that this concludes Plaintiff's submission on appeal at this time. (122) |

| | |
|---|---|
| 9/7/23 | Lincoln's expert Dr. Geimer issues an <u>updated</u> addendum report for Lincoln, voicing disagreement with Dr. Arnold's opinion and report. (137) |
| 9/27/23 | Lincoln denies Plaintiff's appeal, quoting Dr. Geimer's new addendum report, which Plaintiff had never before seen, nor had opportunity to respond to. (94) |
| 10/3/23 | Plaintiff requests the claim file from Lincoln. (82) |
| 10/16/23 | Lincoln sends Plaintiff a letter attaching its policy and claim file. (80) |
| 11/17/23 | Plaintiff's expert physician, Dr. Arnold, reviews Dr. Geimer's new addendum report, and issues his own addendum report responding to it. (67) |
| 11/17/23 | Plaintiff responds to Lincoln's denial and expert Dr. Geimer's new addendum report, attaching Dr. Arnold's addendum report, and asking Lincoln to reconsider its appeal denial in light of Plaintiff's response to the new evidence. (56) |
| 11/22/23 | Lincoln sends letter to Plaintiff expressly declaring that it will not consider Plaintiff's 11/17/23 response letter and attachment. (67) |
| 11/30/23 | Plaintiff files suit. (Doc. 1) |
| 12/31/23 | Lincoln is served. (Doc. 4) |
| 2/1/24 | Lincoln files Answer. (Doc. 6) |
| 3/5/24 | Plaintiff and Lincoln <u>jointly</u> move for entry of a Scheduling Order with opening briefs due on 6/16/24. (Doc. 8) |
| 3/6/24 | Court enters the Scheduling Order that Plaintiff and Lincoln <u>jointly</u> requested. (Doc. 9) |

Lincoln's September 27, 2023 appeal denial was Plaintiff's first exposure to Lincoln's expert physician, Dr. Geimer's September 7, 2023 commentary on Dr. Arnold's opinion and report. Plaintiff immediately sent an October 3, 2023 claim file request to Lincoln, Lincoln sent the claim file by letter dated October 16, 2023. Plaintiff's response to Lincoln with Dr. Arnold's brief explanation of disagreement with Dr. Geimer was sent to Lincoln just a month later on November 17, 2023 with request and full opportunity to consider it and reconsider its denial

exactly as *Vega*, *supra*, contemplates, deeming it part of the administrative record by law. Plaintiff did not file suit until after Lincoln <u>expressly</u> refused to consider it.

Lincoln's claim that granting of its motion "may result in Lincoln's decision being overturned" is ludicrous. We all know that will not happen. Its claim that it "will eliminate any need by the Court to order the claim remanded to Lincoln for consideration of the Report after considering the Parties' briefs" is mistaken. Such a remand would be contrary to Fifth Circuit law on this record. Lincoln's idea that "[i]t is estimated that this review will be completed within sixty (60) days after Plaintiff submits any additional documentation that he wants Lincoln to consider" is flawed in its premise. Mr. Sewell has submitted everything he wishes to submit in accordance with Fifth Circuit law, and it is now part of the administrative record. Lincoln refused to consider it before suit was filed, and nothing prohibited Lincoln from considering it over the last six months of this litigation to conclude that it changed its mind about the denial if it wished to do so. Lincoln just wants another chance to search for more evidence after already having had every opportunity to do so during the now exhausted administrative process. Granting its motion would be no different than allowing it to add new evidence to the administrative record after suit was filed. The Fifth Circuit prohibits that too.

Mr. Sewell also objects to any new evidence Lincoln may wish to add to the record. Even if Lincoln conducted its further review, anything new it wished to add to the administrative record or court record would be prohibited under Fifth Circuit law.

The court should deny Lincoln's motion.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 130
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant