**TIMOTHY SEWELL**

**CIVIL ACTION NO**
**VS** **2:23-cv-317**

**THE LINCOLN NATIONAL**
**LIFE INSURANCE COMPANY**

## PLAINTIFF'S SUR-REPLY TO LINCOLN'S MOTION FOR EXTENSION

This sur-reply by Plaintiff, Timothy Sewell, to Lincon's Motion Request to Extend Dispositive Merits Briefing Deadlines in order to reopen administrative review, respectfully prays that the Court note the following:

Lincoln notes that "'An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.' *4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1165 (4th ed. 2008)." True, but the issue here is not a simple application for extension of time. It's a request for a remand which is inappropriate on our record.

Lincoln claims at page 2 of its memorandum:

Dr. Geimer's report was sent to Sewell's counsel on July 15, 2023 (AR 489). Lincoln also advised Sewell's counsel that even though he had referred to pages 1-269 in his correspondence, only pages 1-30 were received by Lincoln. Sewell's counsel then sent these to Lincoln on August 25, 2023. (AR 46 (Life Note 59) and 477-478.) Dr. Geimer then prepared an addendum report on September 7, 2023, which addressed Dr. Arnold's previous report and the records upon which he based his report (AR 137-144).

Actually, Plaintiff sent his appeal and 269-page attachment to Lincoln by both certified mail and email on May 16, 2023. (438-441, 463-468, including USPS certification of delivery on May 23, 2023) After Lincoln sent Dr. Geimer's original report to Plaintiff on July 14, 2023,

inviting a response (480), Lincoln claimed on July 19, 2023, to have received only 30 pages of Plaintiff's 269-page appeal attachments. (477) Plaintiff immediately sent them again without objection or complaint and pointed out to Lincoln that all 269 pages were sent to Lincoln with Plaintiff's appeal back in May, two months earlier, by certified mail. (446) Plaintiff wanted Lincoln's expert, Dr. Geimer, to have full benefit of all evidence considered by Dr. Arnold so that Dr. Geimer could form a fully informed opinion.

Dr. Geimer then reviewed all 269 pages and issued his fully informed opinion, in the form of a September 7, 2023 addendum, disagreeing with some points of Dr. Arnold's opinion. (137) Plaintiff's first look at even a portion of Dr. Geimer's fully informed addendum was in the form of Lincoln's quotes from it in Lincoln's appeal denial of September 27, 2023 (94), although Dr. Geimer had issued his addendum report 20 days earlier, on September 7, 2023. (137)

Lincoln could have given Dr. Geimer's fully informed addendum to Plaintiff with opportunity to comment <u>before</u> issuing its denial letter, but chose not to, although Lincoln sat on it for 20 days before issuing its September 27, 2023 appeal denial. Thus Plaintiff's <u>only</u> opportunity to consider and comment on it, as should take place before the administrative process ends, was after Lincoln denied the appeal. The whole point of the Fifth Circuit's *Vega* was to avoid the obvious unfairness of that by allowing Plaintiff, within reason, to submit further evidence to the claim administrator with opportunity to consider it before filing suit. Plaintiff was certainly within reason here, and Lincoln's idea of *Vega* risking a theoretical claimant-driven "never-ending" administrative process is not a serious consideration here. It is Lincoln who now wants to halt the progress of the case, not even in the beginning, but right when it's time to brief it on the merits, and according to an agreed-upon Scheduling Order issued by joint motion. Both sides had full opportunity to develop their respective evidence during the administrative process. Not just

Plaintiff, but Lincoln, has had "full and fair review." Of note, Lincoln had another expert board certified in internal medicine physician, Dr. Robert P. Millstine, review the case for Lincoln, who issued a report on January 11, 2023 also supporting Lincoln's initial claim denial which is part of the record before the Court. (168)

Plaintiff wanted to have Dr. Arnold's comment on this new opinion which Plaintiff had not seen before Lincoln quoted it in the denial letter. So Plaintiff immediately requested Lincoln's post-appeal claim file on October 3, 2023 (88) in order to get Dr. Geimer's actual report, not just Lincoln's quotes from it, for Dr. Arnold to review. On October 16, 2023, Lincoln sent Plaintiff the claim file. (80) When Plaintiff received the claim file, he immediately sent Dr. Geimer's addendum report, seen by Plaintiff in full for the first time, to Dr. Arnold. When Dr. Arnold sent Plaintiff his comments in an addendum report on November 17, 2023 (67), Plaintiff sent it to Lincoln the same day (56) so that Lincoln could consider them, <u>exactly</u> as the Fifth Circuit in *Vega* contemplates. Lincoln chose not to consider them. *Vega* does not compel that Lincoln review them, but *Vega* does say they became part of the administrative record. Lincoln was certainly given the opportunity to consider them and opted not to do so.

If a plan administrator is permitted to refuse to consider evidence reasonably offered by a claimant as contemplated by *Vega,* and then permitted to halt Plaintiff's right to court review just days before it is scheduled to take place, to <u>now</u> consider that very same evidence, then *Vega* would be rendered meaningless.

Granting Lincoln's motion would not promote judicial economy, as Lincoln suggests, under the idea that Lincoln <u>may</u> agree to pay if we halt everything while it considers Dr. Arnold's report. Judicial economy would have been better served by Lincoln considering the report when Plaintiff timely provided it back in November as the Fifth Circuit contemplates. If it had caused

Lincoln to pay benefits back then, we would not be here. Lincoln's claim at page 4 of its memorandum that "Sewell's desire to expand the Administrative Record with Dr. Arnold's second report is wholly inconsistent with these principles" is mistaken. Plaintiff followed Fifth Circuit law. The record includes Dr. Arnold's addendum report. Lincoln now wants to expand the record and have a belated second bite at the apple.

Lincoln notes at pages 5 and 6 of its memorandum that "No subsequent decision by the Fifth Circuit has answered the specific question of what 'in time for their fair consideration' will mean with regard to documents submitted to the administrator after the final decision on an appeal, but before suit has been filed." But the Fifth Circuit did speak relevantly on the issue of remand very recently. In *Newsom v. Reliance Standard Life Ins. Co.,* 26 F.4th 329 (5th Cir. 2022), it explained that a remand for an administrator to develop new evidence on the very issue it had already decided was inappropriate:

> Newsom primarily cites *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), in support of his position that we should decline to order a remand to Reliance for further record development. In *Vega*, the court encouraged parties to make their record prior to coming to federal court and stated that "allow[ing] the administrator another opportunity to make a record discourages this effort." *Vega*, 188 F.3d at 302 n.13. However, *Vega*'s applicability to this case is more limited than Newsom's reading, as *Vega* itself suggests:

> **In some special circumstances a remand to the administrator for further consideration may be justified. [In *Vega*], however, the only issue in dispute was whether a material misrepresentation was made. [The *Vega* court] decline[d] to remand to the administrator *to allow him to make a more complete record on this point.***

> *Id.* **(emphasis added). Here, unlike in *Vega*, a remand to the administrator would not be to make "a more complete record" on whether Newsom was *eligible* for LTD benefits. Rather, a remand would be for a *merits determination* about Newsom's entitlement to LTD benefits—a separate issue, and one on which Reliance did not develop a record after finding Newsom ineligible for LTD benefits.[8]**

Footnote 8 is relevant. It says:

> Newsom cites other cases for the general proposition that piecemeal litigation is discouraged. **However, these cases are also distinguishable because, unlike the case at hand, they concern matters in which the plan administrators had previously addressed the grant or denial of benefits on the merits. That said, we are sympathetic to Newsom's concern that remand will prolong his wait for benefits, and we accordingly emphasize that the purpose of remanding his claim is *not* to relitigate Newsom's eligibility for LTD benefits.** Instead, on remand Reliance should expeditiously evaluate the record as to the merits of Newsom's LTD benefits claim—i.e., as discussed *infra* above the line, Reliance should determine whether his inability to work resulted from "Injury or Sickness" as defined in the policy and award benefits as warranted. And consistent with our precedent, Reliance will only have one opportunity to make a disability determination on the merits. *Vega*, 188 F.3d at 302 n.13.

*Id.,* at 336 (5th Cir. 2022).

The point is, remand to the administrator to review for a second time the same issue it had already reviewed (here, entitlement to benefits) is improper. ERISA has a cardinal rule against supplementing an administrative record absent narrow exceptions inapplicable here. Halting litigation to essentially allow it to do so at this stage would permit Lincoln to do exactly that.

The Court should deny Lincoln's motion.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA**
Bar Nos: LA 20291 & TX 24084626
10455 Jefferson Highway, Ste. 130
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
price@jpricemcnamara.com
Attorney for Complainant