UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY SEWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00317 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION

Plaintiff Timothy Sewell brings this action under the Employee Retirement Income Security Act of 1972 (ERISA), 29 U.S.C. 1001, *et seq.*, claiming he was wrongfully denied benefits under an employee benefits plan. Mr. Sewell suffered serious injuries in a swimming accident on August 28, 2021, resulting in him being permanently rendered a quadriplegic. Mr. Sewell was covered by an employee benefits plan which included Accidental Death and Dismemberment coverage and benefits. Defendant Lincoln National Life Insurance Co. denied Mr. Sewell's claim for coverage maintaining a policy exclusion concerning consumption of alcohol excluded the event from coverage.

On March 6, 2024, United States District Judge Nelva Gonzales Ramos entered a scheduling order which included briefing deadlines and a deadline for Defendant to file the administrative record. (D.E. 9). On May 15, 2024, Defendant filed a motion to extend these deadlines. (D.E. 11). Judge Ramos referred the motion to the undersigned for

1 / 5

disposition in accordance with 28 U.S.C. § 636. The undersigned, believing the motion to be unopposed, granted the motion extending deadlines. (D.E. 12). However, on May 16, 2024, Plaintiff filed a motion for reconsideration indicating the motion was in fact opposed by Plaintiff. (D.E. 13). The undersigned granted in part Plaintiff's motion for reconsideration, vacated the initial order granting Defendant's motion for extension, and ordered the parties to submit additional briefing. (D.E. 14). On May 17, 2024, Defendant filed a reply. (D.E. 15). On May 20, 2024, Plaintiff filed a sur-reply. (D.E. 16).

Defendant seeks an extension to consider a report prepared by Dr. Thomas Arnold and submitted by Plaintiff's counsel to Defendant as part of the claims process. There is a dispute between the parties as to whether this report is part of the administrative record. Defendant maintains that it would like to consider the report and reconsider whether to grant Mr. Sewell's claim for benefits under the policy. If Defendant still denies the claim, the report would be included in the administrative record and would resolve that dispute and would serve purposes of judicial economy. Plaintiff maintains Mr. Sewell suffered catastrophic injuries, further delay prejudices Mr. Sewell's right to receive benefits under the policy, Defendant's motion is just an effort to needlessly delay these proceedings, and authority suggests it is too late to supplement the administrative record. *See Vega v. Nat'l Life Ins. Svcs, Inc.,* 188 F.3d 287, 289 (5th Cir. 1999)(*en banc*) (holding "that evidence may not be admitted in the district court that is not in the administrative record when that evidence is offered to allow the district court to resolve a disputed issue of material fact regarding the claim.").

To be clear, the undersigned is not engaging in fact finding but is merely ruling on a motion to extend deadlines. The Court has considerable discretion in this regard. Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may, for good cause, extend deadlines with or without a motion before a deadline expires. *See* Fed. R. Civ. P. 6(b)(1)(A). *Doss v. Helpenstell*, 699 F. App'x 337, 339 (5th Cir. 2017) ("A district court's decision to grant a request for an extension of time is reviewed only for an abuse of discretion."). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2008).

Further, to the extent a limited extension will help resolve a dispute as to what is properly included in the administrative record, such a resolution will assist the district court in reaching the correct decision in this case and may further assist the court of appeals if an appeal is filed. Finally, Dr. Arnold's report appears to be a document Mr. Sewell would like to have included in the administrative record. This is not a situation involving the parties' never ending attempts to supplement the record. This extension is being granted in an effort to resolve a dispute as to what is properly included in the administrative record. If this dispute is not resolved, in their briefing before Judge Ramos in accordance with the deadlines set forth below, the parties may brief whether Dr. Arnold's report should be considered part of the administrative record. The undersigned finds there is good cause to

extend the deadlines in this case. However, the undersigned agrees with Plaintiff that Defendant's request to extent the briefing deadline by 90 days is unnecessarily long.

Therefore, on reconsideration, Defendant's Motion for Extension of Time (D.E. 11) is **GRANTED** as follows:

On or before **June 10, 2024:**

(A) Defendant shall **re-file** into the record a pleading titled "Defendant's **Amended** Response to ERISA Case Order," attaching a copy of the applicable insurance policy and complete Administrative Record.

(B) Defendant shall include a statement whether ERISA governs the claims of this dispute.

(C) Defendant shall include a statement addressing whether the plan vests the claims administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan, including here a quotation of the pertinent plan language, citations to the specific page(s) of the plan terms which define the administrator's authority to determine eligibility benefits and/or to construe or interpret the terms of the plan, or a statement that the plan and/or law, such as any applicable anti discretionary clause law, renders the claims administrator NOT vested with such discretionary authority.

On or before **July 10, 2024:**

All parties file Cross-Motions for Judgment on Administrative Record with accompanying Memoranda. The parties must also include in their briefing any objections to the administrative record or a statement that they have none.

On or before **August 12, 2024**:

All parties file Cross-Memoranda in Opposition to opposing parties' motions.

On or before **August 26, 2024:**

All parties file any Cross-Reply Memoranda, at which time the case is deemed submitted for judgment.

All previously entered deadlines, conferences or court appearances are cancelled as moot.

ORDERED on May 21, 2024.

Jason B. Libby
United States Magistrate Judge