Case 2:23-cv-00317   Document 35   Filed on 05/02/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TIMOTHY SEWELL, § § Plaintiff, § § VS. § THE LINCOLN NATIONAL LIFE § INSURANCE COMPANY, § § Defendant. § | CIVIL ACTION NO. 2:23-CV-00317 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are two motions for summary judgment filed by Defendant The Lincoln National Life Insurance Company (Lincoln) and Plaintiff Timothy Sewell (Sewell), respectively. D.E. 24, 25. On March 4, 2025, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation on Plaintiff's and Defendant's Cross Motions for Summary Judgment" (M&R, D.E. 30), recommending that Sewell's motion (D.E. 25) be granted and that Lincoln's motion (D.E. 24) be denied. Lincoln timely filed its objections (D.E. 31) on March 17, 2025. Sewell responded to the objections on March 31, 2025 (D.E. 34).

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). In a case such as this one

1 / 11

where an administrator has discretionary authority to make the decision complained of, the standard of review regarding the administrative decision is one of abuse of discretion. *White v. Life Ins. Co. of N. Am.*, 892 F.3d 762, 767 (5th Cir. 2018).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). As to any portion of a magistrate judge's disposition for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Lincoln attempts to incorporate by reference all of its prior briefing. D.E. 31, pp. 1, 6. Such a presentation does not point out with particularity any error in the Magistrate Judge's analysis. It does not, therefore, constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition). Because Lincoln's reference regarding past briefing is not sufficient to invoke review and does not address any specific basis for the Magistrate Judge's recommendation, it is disregarded and will not serve as the basis for any decision by this Court.

Lincoln's first-stated objection argues that the Magistrate Judge erred by placing the burden of proof on Lincoln to prove that the policy exclusion applied. D.E. 31, p. 2 (complaining of D.E. 30, p. 8). The Magistrate Judge's recitation of the burden of proof is fully consistent with *Horton v. Reliance Standard Life Insurance Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998), which expressly stated the shifting burden in an ERISA case and correctly cited another ERISA case, *Farley v. Benefit Trust Life Insurance Co.*, 979 F.2d 653, 658 (8th Cir. 1992), in that regard. *Horton* is widely followed.[1]

Lincoln argues that the general state law burden does not apply in an ERISA case and that it was Sewell's burden to prove coverage despite the exclusion. For this proposition, Lincoln cites *White,* 892 F.3d at 762, and *George v. Reliance Standard Life Insurance Company*, 776 F.3d 349 (5th Cir. 2015). Both *White* and *George* addressed the claimant's burden to show that the insurance company's denial of benefits constituted an abuse of discretion. They did not directly address the burden of proof on any policy exclusion. Rather, the only issue on appeal was whether the insurance company exercised appropriate discretion in considering all of the evidence. *See White*, 892 F.3d at 767 (listing the closeness of the evidence on intoxication as one element in the abuse of discretion analysis); *George*, 776 F.3d at 353 (noting that there was no controlling question involving the burden of proof).

---

[1] *Horton* is discussed with approval most recently in *Goldfarb v. Reliance Standard Life Insurance. Co.*, 106 F.4th 1100, 1110 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1178 (2025). *See also, Williamson v. Travelport, LP*, No. 1:17-CV-00406-JPB, 2023 WL 1973220, at *12 (N.D. Ga. Feb. 13, 2023) (collecting cases applying *Horton* and shifting the burden of proof on an exclusion to the insurer and discussing the difference between exclusions and definitions that limit the scope of coverage).

The Court finds no error in the Magistrate Judge's recitation of the parties' respective burdens of proof. The first objection is **OVERRULED**.

Second, Lincoln objects to the Magistrate Judge's assessment of whether it engaged in a fair, impartial, and thorough review of the evidence relating to Sewell's claim. D.E. 31, p. 3. Within that global objection, it highlights four specific findings in the M&R that allegedly run counter to the evidence: (1) Lincoln relied solely on the blood alcohol test result; (2) Lincoln's experts' opinions did not constitute substantial evidence: (3) Lincoln unfairly rejected Sewell's supporting affidavits; and (4) the high blood alcohol evidence and "other evidence" did not support Lincoln's decision. *Id*.

In its discussion of this objection, Lincoln simply recites its version of the evidence, seeming to claim that this proves that all of the evidence was fairly considered. But this is not a compelling argument.

- The fact that Lincoln *referenced* all of the evidence in the administrative record in its communications with Sewell is not probative that it *properly considered* that evidence;

- The fact that Lincoln hired separate experts to review Sewell's evidence does not eliminate the fact that one such expert was a long-time consultant for Lincoln, that the process had become adversarial, and that the experts took a one-sided view of the record, elevating second-hand double hearsay in unsworn medical records over first-hand eyewitness affidavits;

- The fact that Sewell's witness affidavits were substantially similar does not prove that they were falsified rather than simply consistent regarding the eyewitnesses' undisputed account of events surrounding Sewell's injury;

- The fact that Sewell's affidavits were inconsistent with the high blood alcohol test results does not mean that the affidavits, rather than the test results, were in error, particularly given the disclaimer on the test report;

- The fact that medical records recited that Sewell presented with alcohol intoxication (without reciting the basis for that conclusion other than the questionable blood test) does not mean that those writing the notes made personal observations in that regard;

- The fact that certain blood alcohol concentrations reflect presumed impairment does not mean that the evidence that Sewell was not impaired is false or that the blood alcohol test—an outlier in the evidence—was not the erroneous piece of evidence.

*See* D.E. 31 pp. 3-4.

The Magistrate Judge explained exactly why it was not fair, impartial, or thorough for Lincoln and its experts to take the blood alcohol test results as infallible when all of the other contemporaneous observations indicated that Sewell could not have generated that blood alcohol level given the limited number of beers he ingested (six beers over seven hours), his concurrent consumption of water, Gatorade, meals and snacks, and the detailed

observations of witnesses explaining that Sewell was not impaired. *See* D.E. 30, pp. 11-21.

The Magistrate Judge noted:

- Lincoln's conflict of interest;

- That the blood alcohol level reported in the test results—nearly three times the legal limit—would have indicated severe impairment, which was not observed by any witness;

- Failure to treat the blood alcohol test results as only a presumption that was rebutted;

- Conducting a result-oriented review;

- Use of Dr. Millstein, who Lincoln has consulted for 21 years, giving rise to the same bias as Lincoln;

- The cursory one-day review performed by Dr. Millstein;

- Disregard of the unusual drop-off geography of the water into which Sewell made a shallow dive;

- Dr. Arnold's thorough review of all of the evidence, explaining why the blood alcohol test results could not be relied on;

- Dr. Gleimer's biased review of Dr. Arnold's analysis, discounting any evidence or arguments that controverted Lincoln's position;

- Dr. Swotinsky's wholesale disregard of eyewitness affidavits;

- Concluding without evidence that the accident happened by Sewell hitting a flat bottom in the bay rather than a sandbar;
- Disregarding eyewitnesses' detailed account of Sewell's careful preparation to dive, which showed no impairment.

Lincoln does not discuss any of these particulars in the Magistrate Judge's detailed rationale for finding that Lincoln's efforts were not fair, impartial, and thorough. It has therefore failed to demonstrate any error in that analysis. The four-part second objection is **OVERRULED**.

Third, Lincoln objects to the Magistrate Judge's finding that it did not consider or follow a plain reading of the policy exclusion. D.E. 31, p. 4. At issue is whether Lincoln treated the blood alcohol test results as dispositive or as a presumption that could be rebutted. Lincoln argues that Sewell's evidence was simply inadequate to rebut the presumption. However, Lincoln fails to address the Magistrate Judge's assessment of the competing evidence. And no evidence corroborates the blood alcohol test results.

As set out above, the Magistrate Judge noted that all of the record evidence was competent and fully rebutted the presumption. By disregarding that evidence, Lincoln treated the blood alcohol test result as dispositive. Any fair reading of the evidence showed that:

- Sewell did not consume sufficient alcohol to generate the extreme blood test result;

- Everyone who observed Sewell testified that he was not impaired at all, much less at the level that the blood test would indicate;

- Sewell approached his dive carefully, leaving his phone, wallet, and shirt on the boat; and

- Sewell executed a shallow dive that could not have injured his cervical spine in the manner he suffered but for his unexpected contact with a sand bar from which the water had dropped off.

Not only does Sewell's evidence negate the extraordinarily high blood alcohol result because he was not impaired, it negates the causation requirement of the intoxication exclusion. Even if Sewell still had some alcohol in his system, credible evidence demonstrated that his injury was caused by an unanticipated geographical under-water drop-off that was not visible prior to his dive. According to all of the surrounding evidence, the mechanism of his injury was not caused by any impairment.

Lincoln was not weighing competing evidence, such as some witnesses claiming he was intoxicated and others claiming he was not. There is no competent evidence controverting any of the facts of record, other than the isolated blood alcohol test result. And that blood alcohol level would have Sewell so impaired that none of the rest of the evidence—which was consistent and corroborated—could possibly be true. Under these circumstances, and with the disclaimer on the test results, Lincoln's approach did not fairly read the intoxication exclusion as a presumption subject to rebuttal. The third objection is **OVERRULED**.

Fourth, Lincoln objects to the Magistrate Judge's assessment of its conflict of interest and that the claims process became adversarial. D.E. 31, p. 5. While it admits to the structural conflict of interest presented by being both the claims administrator and the insurer, it argues that its process eliminated any bias from that conflict. Lincoln essentially relies on its "independent peer review" by the three physicians it hired, highlighting that Dr. Swotinsky "backed up his statements and opinions with specific citations to both the medical records he reviewed and medical literature." *Id*.

As the Magistrate Judge noted, the first physician was a long-time consultant for Lincoln, such that his independence is questionable. And as Sewell points out, Dr. Swotinsky's experience shows eleven years working on behalf of insurance companies. D.E. 34, p. 17. All of Lincoln's experts disregarded Sewell's evidence in its entirety, such that their opinions do not adequately account for significant evidence that contradicts their conclusions. Reciting review of all of the evidence is not equivalent to properly considering it. And citations to medical literature do not take the place of the facts of this incident. Lincoln's experts do not explain how they can take the blood test results as trustworthy over the significant rebuttal evidence.

Moreover, the timeline of Lincoln's processing of the claim and its denials shows the adversarial nature of the process, in which Sewell's evidence is repeatedly excluded from consideration. *See* DE. 34, pp. 15-22. The fourth objection is **OVERRULED**.

Fifth, Lincoln objects to the Magistrate Judge's "findings" that Sewell's motion should be granted and Lincoln's should be denied. D.E. 31, p. 6. These are not findings,

but recommendations resulting from prior findings. Lincoln's argument treats all the evidence as circumstantial, with the benefit of the doubt favoring Lincoln's reliance on the blood alcohol test and inferences that accompany an assumption that the test was accurate. But this case involves a significant amount of direct eyewitness evidence and corroborating facts. To disregard this direct evidence out-of-hand in favor of contrary inferences constitutes an abuse of discretion. The fifth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Lincoln's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Lincoln's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Lincoln's motion for summary judgment (D.E. 24) is **DENIED** and Sewell's motion for summary judgment (D.E. 25) is **GRANTED**.

The Court **ORDERS** that judgment be entered in favor of Plaintiff Timothy Sewell and against Defendant The Lincoln National Life Insurance Company. The Court reverses the denial of accidental death and dismemberment insurance benefits, and awards Sewell $764,000 plus interest and court costs.

It is further **ORDERED** that Sewell file a combined motion and memorandum addressing his request for attorney fees within 21 days following the filing of this **ORDER**. The motion should address and be supported by evidence of the amount of fees sought, and

argument as to the authority on which such fees should be granted. Lincoln shall file a responsive memorandum within 21 days of Sewell's filing.

    **ORDERED** on May 2, 2025.

_____<br>
NELVA GONZALES RAMOS<br>
UNITED STATES DISTRICT JUDGE